Gaston, Judge.
 

 The purchaser of chattels under an executed contract, can claim redress against his vendor for a defect of title, only where the vendor has undertaken to assure the title, or has- deceived the purchaser,' in relation
 
 *320
 
 to it. In this case, the plaintiff does not impute any fraud to the defendants. His title to redress must be founded, then, upon their warranty, either express or implied. We do not think that a warranty can be implied from the circumstances of the case, or is established by the proofs. Upon these, the case is as follows. (Here his Honor stated the’facts of the case, as above, and proceeded.)
 

 The
 
 only
 
 fact tending to establish a warranty of the title, is the assertion, by some of the defendants, that the title was good. There is, indeed, one witness, who states in his deposition, that “ he heard James Lee say that the right was good — or he would make it good.” It may be that the witness means to represent that James Lee declared that the title was good; and, further, that if it proved otherwise, he would make it good. But we feel ourselves bound to understand him as representing that he used one or the other of the phrases; either that the title
 
 was
 
 good, or that he would
 
 make
 
 the title good ; and that the witness is not confident which of these was the phrase employed. We adopt this construction of the deposition for several reasons. First, the plaintiff, in his bill, does not charge any engagement to make the title good, but only that some of the heirs gave assurances that it was good. Secondly, all the other witnesses who speak of James Lee’s declarations, represent him as simply affirming the goodness of the title; and, finally, the testimony of the plaintiff’s witness should not be strained against the defendants.
 

 We assent to the argument which insists that this assertion of James Lee’s is to be regarded as the assertion of the other defendants present at the sale, and not dissenting therefrom; and we admit, also, that an affirmation of title by the vendor, at the time of sale, is ordinarily equivalent to a warranty of title. But in this case we are clearly satisfied that it amounted to no more, and w'as understood by the plaintiff to'amount to no more than a confident expression of honest belief.
 

 The adverse possession and claim put the purchaser upon his guard, and called for some explicit stipulation as to title, if any were required. Instead of such a stipulation, he was left to decide between conflicting assertions; and
 
 *321
 
 expressly apprised that.no more was offered for sale-than the right of Solomon Lee’s next of kin. Th6 price shows that the purchase was a speculation; and the giving of a note for the purchase money, without delivery of the property, or covenants from the vendors as to title, leaves scarcely room to doubt but that he bought at his own hazard.
 

 Upon the pleadings and proofs, the Court is, therefore, satisfied that the decree below is erronéous. But no defence has been made to the bill, except by the defendants, Smith and wife. As against the other defendants, who are non-residents, the bill has been taken
 
 pro confesso.
 
 This state of things presents a question, which,'as far as we are informed, has never been decided in the courts of this state. Where a claim is against two jointly, and one suffers the bill to be takpn
 
 pro confesso,
 
 and tiie other sets up a defence, which defeats the claim ‘altogether, what disposition of thé cause is to be made as against him who makes no resistance? We believe, that from analogy to the doctrine which prevails at law in similar cases; from the probable mischiefs that would result from an extension of the rigorous rule against non-resident defendants; and, because of the obvious equity of such a course, we are bound to hold that the defence must enure to the benefit of all the defendants, having a joint interest in the subject-matter.
 

 The decree below is to be reversed; with costs to the appellants in this Court. The bill of the plaintiff must be dismissed, and the defendants, Smith and wife, recover their costs in the court below. No costs are given to the other defendants there, because they made default.
 

 PeR Cuiuam. Decree reversed and bill dismissed.